UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                              )<br>                    Plaintiff,             )<br>                                                              )<br>         v.                                               )<br>                                                              )<br> SATNAN SINGH TAKHAR,         )<br>                                                              )<br>                    Defendant.         )<br> _____ ) | Case No.  07-MJ-263-JPD<br><br>DETENTION ORDER |

Offenses charged:

   Count 1:  Conspiracy to Import MDMA in violation of 21 U.S.C. §§ 952(a), 960(b)(3), and 963.

   Count 2:  Possession with the Intent to Distribute MDMA in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.

Date of Detention Hearing:    June 5, 2007.

   The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

   (1)   Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges. Application of the presumption is appropriate in this case.

(2) Defendant is a resident of Canada with no ties to this community or to the Western District of Washington.

(3) Defendant has stipulated to detention, but reserves the right to contest his continued detention if there is a change in circumstances.

(4) There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required or ensure the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 6th day of June, 2007.

_____
JAMES P. DONOHUE
United States Magistrate Judge